Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
ROBIN SHORT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| ROBIN SHORT, | Case No.: |
| Plaintiff, | **PLAINTIFF'S COMPLAINT** |
| v. | |
| SUMMIT COLLECTION SERVICES, INC., | |
| Defendant. | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, ROBIN SHORT ("Plaintiff"), through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, SUMMIT COLLECTION SERVICES, INC. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA).

2. Count II of the Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Truckee, Nevada County, State of California.

8. Plaintiff is a consumer as that term is defined by the FDCPA and RFDCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and RFDCPA.

10. Defendant is a debt collector as that term is defined by the FDCPA and

PLAINTIFF'S COMPLAINT

RFDCPA.

11. Within the past year of Plaintiff filling this complaint, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency with a principal place of business located in the City of Reno, Washoe County, State of Nevada.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt from Plaintiff which Plaintiff does not owe.

20. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

21. On or about October 9, 2020, Defendant began calling Plaintiff on Plaintiff's telephone at xxx-xxx-2120, in an attempt to collect the alleged debt.

22. Plaintiff is not the debtor that Defendant seeks to collect from.

23. On or about October 9, 2020, Defendant left the following voicemail message on Plaintiff's telephone:

   a. "This message is intended for Joshua Gunderson. Please call Matt Bennett, 775-323-1588, Monday through Friday. Today the 9th referencing 155857. Matt Bennett, 775-323-1588. Message again for Joshua Gunderson referencing 155857. Please return the call. You can also reach my receptionist at 775-323-1898, Monday through Friday."

24. The telephone number 775-323-1898 belongs to Defendant.

25. The voicemail message left on Plaintiff's telephone does not disclose the communication is from Summit Collection Services.

26. The voicemail message left on Plaintiff's telephone does not disclose that the

communication is from a debtor collector and that any information obtained will be used for that purpose.

27. Defendant is or should be familiar with the FDCPA and the RFDCPA.

28. Defendant knows or should know the FDCPA and the RFDCPA require a debt collector to disclose the caller's identity when communicating with a consumer.

29. Defendant knows or should know the FDCPA requires a debt collector to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose when communicating with a consumer.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

30. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-nine (29) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

31. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d(6) of the FDCPA by placing a telephone call to Plaintiff without meaningful disclosure of the caller's identity, when Defendant left a voicemail message on Plaintiff's telephone and did not disclose the communication is from Summit Collection Services;

b. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Defendant left a voicemail message on Plaintiff's telephone and did not disclose the communication is from a debt collector and that any information obtained will be used for that purpose; and

c. Defendant violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, ROBIN SHORT, respectfully requests judgment be entered against Defendant, SUMMIT COLLECTION SERVICES, INC., for the following:

32. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

33. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

34. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-nine (29) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

36. Defendant violated the RFDCPA based on the following:

   a. Defendant violated § 1788.11(b) of the RFDCPA by placing telephone calls without disclosure of the caller's identity, when Defendant left a voicemail message on Plaintiff's telephone and did not disclose the communication is from Summit Collection Services; and

   b. Defendant violated the § 1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiff, ROBIN SHORT, respectfully requests judgment be entered against Defendant, SUMMIT COLLECTION SERVICES, INC., for the following:

37. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

38. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

39. Any other relief that this Honorable Court deems appropriate.

                                                RESPECTFULLY     SUBMITTED,

DATED: February 15, 2021        By: /s/ Michael S. Agruss
                                                         Michael S. Agruss
                                                         Attorney for Plaintiff